SILVIA SIMONET, Plaintiff and Appellee, v. OTILIO SANDOVAL, Defendant and Appellant.

8806.   Argued April 13, 1944.—Decided May 1, 1944.

*Eduardo Pérez Casalduc* for appellant. *Francisco M. Cadilla* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

Silvia Simonet and Otilio Sandoval contracted marriage in the city of New York on February 13, 1934, and on the 24th of the same month and year they established their domicile in Puerto Rico.

On November 20, 1942, Silvia Simonet brought suit for divorce against her husband, alleging "that the defendant, near the end of April, 1937, had *deserted the plaintiff* and from that date the spouses had lived apart uninterruptedly, that is, for a period of more than three years." (Italics ours.)

The defendant answered with a general denial of the facts set forth in the complaint, and alleged as a special defense, that the cause of action relied on had been tried and decided in a former suit brought by the plaintiff against the defendant and decided in his favor. (60 P.R.R. 670).

At the commencement of the hearing, plaintiff's attorney sought and obtained from the court, leave to amend the sixth paragraph of the complaint by striking the words "deserted the" and inserting in its place the words "separated from." Said attorney stated that the action was brought on the ground of separation for more than three years and not on the ground of desertion. Upon granting leave the court stated that in its opinion said amendment carried no surprise for the defendant, since it clearly appeared from the

original complaint that the action was based on separation; that it was not the object of the amendment to change the cause of action, but to make it clearer in order to dispell any doubts; and that, if defendant wished, the court could grant him several days to answer the amended complaint. After having granted him five days to answer, on February 23, 1943, the defendant answered denying the facts of the complaint, setting up the plea of *res judicata* and alleging that by striking the word "deserted" from the sixth paragaph of the complaint, there remained as the only cause of action the separation of the spouses for more than three years, which is a cause of action different from that of desertion for more than one year; that said amendment was improper; and that the amended complaint should be dismissed on the ground that it set up a different cause of action.

After the case was heard, the District Court of Arecibo rendered judgment on April 7, 1943, in favor of the plaintiff, adjuging the defendant to pay the costs and attorney's fees. The defendant has taken the present appeal, and in support thereof he alleges that the lower court erred in allowing the plaintiff to amend her complaint thereby changing the cause of action; and in rendering judgment based on Act No. 62 of April 29, 1942, which in his opinion is void, since it does not grant the defendant a due process of law before depriving him, by a decree of divorce, of the rights acquired by him by virtue of his marriage, all in violation of the Fourteenth Amendment to the Federal Constitution and of our Organic Act.

■ The first assignment of error is groundless. In the original complaint it was alleged that by the end of the month of April, 1937, the defendant *deserted* the plaintiff and that "since that date the spouses have lived apart, uninterruptedly, that is for a period of more than three years."

In the amended complaint it is alleged that on said date the defendant *separated* from the plaintiff and that from that date they have lived apart from each other for more than three years, uninterruptedly. The cause of action in both cases is the same. If the defendant really *deserted* the plaintiff in 1937 and continued to live apart from her for more than three years, the plaintiff is undoubtedly entitled to seek a divorce on the ground of separation for more than three years uninterruptedly. If the defendant *separated* from the plaintiff in 1937 and that separation has continued uninterruptedly during a period of more than three years, the plaintiff has the same right to a decree of divorce. The question as to whether the separation of the spouses began with the desertion of the wife by the husband, or by mutual agreement, is of no consequence in this case. The essential question is whether the spouses have lived apart from each other during the statutory period and uninterruptedly. Such fact was sufficiently alleged and supported by plaintiff's evidence, and the same has not been controverted by the defendant.

█ In support of his contention that the Act establishing a divorce on the ground of separation for more than three years is unconstitutional, the appellant alleges, in brief: (*a*) That said Act is void because it does not gran the defendant a due process of law before depriving him, as he has been deprived, of the rights acquired by him during the marriage, such as, the right to manage the conjugal property and the right to share in the wife's property at her death; (*b*) that the provisions of said Act in the sense that "the woman, when the judgment is rendered, shall always be considered as the innocent spouse, with all the rights inherent in such condition following divorce," and the judgment rendered by virtue of said provision deprive the defendant of said rights.

Appellant is wrong in maintaining that the court found against him without a due process of law. He was timely

summoned, answered the complaint, appeared at the trial, and was given an opportunity to examine plaintiff's witnesses.

The plaintiff alleged and sufficiently proved that she and her husband had lived apart for more than three years, uninterruptedly. That was all she was bound to prove, pursuant to our decisions in *Pérez Valdivieso* v. *León,* 52 P.R.R. 496, and *Núñez* v. *López,* 62 P.R.R. 543. And since she proved her case to the entire satisfaction of the lower court and obtained judgment in her favor, she is entitled, without need of applying the contested legal presumption, to be considered as the innocent party with all the rights inherent in such condition.

The defendant has not put us in a position to consider and decide whether the statutory provision challenged by him violates any of his constitutional rights. It is true that in *Núñez* v. *López, supra,* we held that in a suit for divorce based on the separation of the spouses during the statutory period, the defense of recrimination can not be invoked as in cases based on other grounds recognized by the statute. In none of the cases cited the constitutional question was raised. If the defendant in the instant case wished to raise it, he should have done so in the lower court, offering first before said court, and for that purpose only, the evidence, if any, showing that he, and not the plaintiff was in effect the innocent party in the separation. The defendant did not offer any evidence tending to establish his innocence and confined himself to offering documentary evidence in support of the indefensible plea of *res judicata.* Therefore, we must reserve our decision on the constitutional question for the time when the same is duly raised.

The judgment appealed from must be affirmed.